IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ATLAS AEROSPACE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-1200-JWL |
| ) | |
| ADVANCED TRANSPORTATION, INC.; ) | |
| DMG CANADA, INC.; ) | |
| BRK SPECIALIZED, INC.; and ) | |
| REDMOND & ASSOCIATES ) | |
| MACHINERY MOVERS, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

The matter is presently before the Court on the motion to dismiss filed by defendant BRK Specialized, Inc.[1] ("BRK") (Doc. # 23). For the reasons set forth below, the motion is **granted**, and plaintiff's claims against BRK are hereby dismissed. Plaintiff is granted leave to file an amended complaint, on or before **November 16, 2012**, asserting a claim against BRK pursuant to the Carmack Amendment.

Plaintiff, a Kansas limited liability company, alleges in its complaint that it hired defendant Advanced Transportation, Inc. ("Advanced") to transport a machine from Ontario, Canada to Wichita, Kansas; that Advanced hired BRK to transport the machine

---

[1] This defendant identifies itself in its motion as 1335001 Ontario, Inc. d/b/a BRK Specialized.

from Ontario to Wichita; that it hired defendant DMG Canada, Inc. ("DMG") to prepare the machine for shipping; that it hired defendant Redmond & Associates Machinery Movers ("Redmond") to mount the machine on BRK's trailer; that the machine was discovered damaged upon its arrival in Wichita; and that plaintiff suffered damages for repair of the machine and for lost profits. Plaintiff has asserted a claim for breach of contract against each defendant (Counts I, II, III, and IV) and a claim for negligence against BRK, DMG, and Redmond (Count V).

BRK seeks dismissal of the two state-law claims against it, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that such claims are preempted by the Carmack Amendment to the Interstate Commerce Act, which provides plaintiff's exclusive remedy. *See* 49 U.S.C. § 14706 (motor carrier liability provision of Carmack Amendment). Plaintiff does not dispute that the Carmack Amendment preempts state-law claims and provides the exclusive remedy in situations within the scope of the Amendment. *See Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir. 1989). Plaintiff argues, however, that the Amendment does not apply to a shipment by motor carrier beginning in a foreign country and ending in the United States, like the shipment in the present case.

The Carmack Amendment imposes liability on motor carriers subject to jurisdiction under 49 U.S.C. § 13501. *See* 49 U.S.C. § 14706(a)(1). Section 13501 defines the scope of that jurisdiction as follows:

> The Secretary [of Transportation] and the [Surface Transportation] Board

>have jurisdiction, as specified in this part, over transportation by motor carrier and the procurement of that transportation, to the extent that passengers, property, or both, are transported by motor carrier –
>
>>(1)  between a place in –
>>
>>. . .
>>
>>>(E)  the United States and a place in a foreign country to the extent the transportation is in the United States . . .

49 U.S.C. § 13501. Thus, the Amendment applies to shipments "between" the United States and a foreign country. Under the ordinary meaning of the word "between", that scope would include shipments in either direction involving the United States and a foreign country.

Plaintiff argues, however, that the quoted language in Section 13501 only includes shipments *from* the United States *to* a foreign country, and does not include shipments in the reverse direction. Plaintiff relies on the fact that, prior to its amendment in 1978, the Carmack Amendment's liability provision applied to transportation "from any point in the United States to a point in an adjacent foreign country." *See Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 130 S. Ct. 2433, 2446 (2010) (quoting 49 U.S.C. § 20(11) (1976)). As the Supreme Court noted in *Kawasaki*, in 1978 Congress "instructed that this recodification 'may not be construed as making a substantive change in the la[w].'" *See id.* (quoting 92 Stat. 1337, 1466). Thus, plaintiff argues that, despite the ordinary meaning of "between", the Amendment retains its pre-1978 scope, which included only shipments "from" the United States "to" a foreign country.

3

The Court rejects this argument by plaintiff concerning the construction of Section 13501. First, the Court notes that *Kawasaki* does not decide this issue in plaintiff's favor. In that case, involving an overseas shipment from China to the United States followed by a rail shipment within the United States, all under a single "through bill of lading," the Supreme Court held that the Carmack Amendment did not apply to the rail leg of that shipment. *See Kawasaki*, 130 S. Ct. 2433. Plaintiff suggests that that result is significant to the present case, which also involves a shipment originating in a foreign country and ending in the United States. In *Kawasaki*, however, the Supreme Court's analysis and language make clear that its holding was based on and limited by the fact that the case involved an *overseas* shipment with a through bill of lading, to which another federal statute would apply. *See id.* In fact, the Supreme Court expressly declined to decide whether "Carmack applies to goods initially received in Canada or Mexico, for import into the United States." *See id.* at 2444.

Plaintiff most heavily relies on *Kawasaki* for the Supreme Court's statement that the 1978 recodification of Carmack was not substantive, and that an interpretation of Carmack to cover cargo originating overseas would "dramatically expand Carmack's scope beyond its historical coverage." *See id.* at 2446-47. Again, however, the Supreme Court only concerned itself with the distinction of an overseas shipment. By stating that Carmack did not change substantively in 1978, it expressed no opinion concerning the proper interpretation of Carmack's scope pre-1978 or post-1978 concerning shipments that did not travel overseas. Indeed, the Supreme Court acknowledged the argument

4

"that the Carmack Amendment before 1978 applied to imports from Canada and Mexico because the phrase "from . . . to" could also mean "between". *See id.* at 2446 (citing *Reider v. Thompson*, 339 U.S. 113, 118 (1950), in which the Supreme Court explicitly chose not to resolve that issue). The Supreme Court noted that, despite that argument, it was unaware of authority extending Carmack to cargo originating from *nonadjacent overseas* countries under a through bill of lading. *See id.* Thus, the Supreme Court did not pass on that argument as it relates to shipments involving Canada or Mexico.

Accordingly, the Court must resolve this question whether, prior to 1978, Carmack applied to shipments in either direction between the United States and Canada or only to shipments beginning in the United States and ending in Canada. In arguing that the "from . . . to" scope of Carmack before 1978 was one-directional, plaintiff relies on a line of cases beginning with *Alwine v. Pennsylvania Rail Co.*, 15 A.2d 507 (Pa. Super. 1940). The Court is persuaded, however, by the Second Circuit's rejection of the *Allwine* line of cases in *Sompo Japan Insurance Co. of America v. Union Pacific Railroad Co.*, 456 F.3d 54 (2d Cir. 2006). In *Sompo*, the court held that the domestic rail leg of a shipment originating overseas was subject to the Carmack Amendment. *See id.* The Supreme Court reached a contrary decision in *Kawasaki* and thus effectively overruled *Sompo*'s ultimate holding. As noted above, however, the Supreme Court did not resolve the issue of the meaning of "between" or "from . . . to" in the language setting out the scope of the Carmack Amendment, and the Second Circuit's analysis on that issue therefore retains its persuasive force.

The Second Circuit's reasoning may be summarized briefly as follows. *See Sompo*, 456 F.3d at 64-69. The word "between" in the present jurisdictional provision does not seem to imply a direction of travel, and one canon of statutory construction provides that a change in language (here, in 1978) should be read, if possible, to have some effect. *See American Nat'l Red Cross v. S.G.*, 505 U.S. 247, 263 (1992). Congress made clear, however, that the 1978 amendment was intended to leave the law substantively unchanged (as noted by the Supreme Court in *Kawasaki*). Nevertheless, even the pre-1978 statute, with its "from . . . to" language, applied to both imports and exports. In *Galveston, Harrisburg & San Antonio Railway Co. v. Woodbury*, 254 U.S. 357 (1920), the Supreme Court held that identical "from . . . to" language in the jurisdictional provision of the Interstate Commere Act (to which Carmack was added) meant transportation in either direction and thus encompassed both imports and exports. *See id.* at 359-60. The use of identical language in two different provisions of the same statute is a strong indication that the two provisions should be interpreted in the same manner. *See Northcross v. Board of Educ. of Memphis City Schools*, 412 U.S. 427, 428 (1973). There is no reason to believe that Congress intended that these two "from . . . to" provisions have different meanings. For the reasons stated by the Second Circuit, the *Allwine* court's rationales for refusing to extend the *Galveston* ruling to the Carmack liability provision within the same act are not sound. *See Sompo*, 456 F.3d at 66-67.

Moreover, the 1978 change is not insignificant. In that recodification, Congress removed the "from . . . to" language in defining the scope of the Carmack Amendment's

6

liability provision, and made that scope co-extensive with the jurisdiction of the Interstate Commerce Commission (a later amendment changed the governing agency to the Surface Transportation Board). Because no substantive change was intended in 1978, Congress must have understood then that the scope of Carmack's liability provision always extended to the boundaries of the governing body's jurisdiction—which was held to be bi-directional by the Supreme Court in *Galveston*. *See Sompo*, 456 F.3d at 68-69. Put another way, Congress's decision to replace "from . . . to" with "between"—the ordinary meaning of which is bi-directional—in the non-substantive recodification in 1978 suggests that Congress was clarifying that the scope of the Carmack Amendment did include shipments both into and out of the United States. *See Kawasaki*, 130 S. Ct. at 2456 (Sotomayor, J., dissenting) ("[I]f 'Congress intended no substantive change' to Carmack in the 1978 recodification, 'that would mean only that the present text is the best evidence of what the law has always meant, and that the language of the prior version cannot be relied upon to support a different reading.'") (quoting *Keene Corp. v. United States*, 508 U.S. 200, 221 (1993) (Stevens, J., dissenting)).

For these reasons, the Court follows the Second Circuit in concluding that the scope of the agency's jurisdiction, and therefore also the scope of the liability provision, under the Carmack Amendment includes shipments between the United States and Canada in either direction. Plaintiff has not argued any other basis to exempt the shipment in the present case from the reach of the Carmack Amendment. That statute

preempts plaintiff's state-law claims and provides the exclusive means for holding BRK liable for the alleged damage to plaintiff's property. Accordingly, plaintiff's claims against BRK are subject to dismissal.

Plaintiff has requested that, in the event of dismissal, it be granted leave to amend to state a claim against BRK under the Carmack Amendment. BRK has not opposed that request in its reply brief. On this record, there is no reason to believe that plaintiff could not state a cognizable claim under the Carmack Amendment. Accordingly, plaintiff is granted leave to file an amended complaint, on or before November 16, 2012, asserting such a claim against BRK.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the motion to dismiss filed by defendant BRK Specialized, Inc. (Doc. # 23) is **granted**, and plaintiff's claims against that defendant are hereby dismissed. Plaintiff is granted leave to file an amended complaint, on or before **November 16, 2012**, asserting a claim against that defendant pursuant to the Carmack Amendment.

IT IS SO ORDERED.

Dated this 2nd day of November, 2012, in Kansas City, Kansas.

---

[2] No party has addressed the applicability of the Carmack Amendment to plaintiff's claims against the other defendants, and no other defendant has moved to dismiss on this basis. Accordingly, the Court's ruling applies only to the claims against movant BRK.

8

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge