IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ATLAS AEROSPACE LLC,            )
                                )
         Plaintiff,             )
                                )
   v.                           )   Case No. 12-1200-JWL
                                )
ADVANCED TRANSPORTATION, INC.;  )
DMG CANADA, INC.;               )
BRK SPECIALIZED, INC.; and      )
REDMOND & ASSOCIATES            )
MACHINERY MOVERS,               )
                                )
         Defendants.            )
                                )
_____ )

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on motions to dismiss filed by defendants Advanced Transportation, Inc. ("Advanced") (Doc. # 57) and BRK Specialized, Inc. ("BRK") (Doc. # 59). For the reasons set forth below, these motions are **denied**.

### I.   **Background**

Plaintiff alleges that it contracted with Advanced for the transportation of a machine from Canada to Kansas; that Advanced hired BRK to transport the machine; that plaintiff hired defendant DMG Canada, Inc. ("DMG") to prepare the machine for shipping; that plaintiff hired defendant Redmond & Associates Machinery Movers

("Redmond") to mount the machine on BRK's trailer; that the machine was discovered damaged upon its arrival in Kansas; and that plaintiff suffered damages for repair of the machine and for lost profits. Plaintiff originally asserted a claim for breach of contract against each defendant and a claim for negligence against BRK, DMG, and Redmond.

By Memorandum and Order of November 2, 2012 (Doc. # 34), the Court granted BRK's motion to dismiss, on the basis that plaintiff's claims against BRK for breach of contract and negligence were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, which provides plaintiff's exclusive remedy against BRK. Specifically, the Court held that the shipment from Canada into the United States fell within the scope of the Amendment. The Court allowed plaintiff to amend its complaint, however, to state a claim against BRK under the Carmack Amendment, and on November 15, 2012, plaintiff filed its first amended complaint. Plaintiff subsequently sought leave to amend to state that it was a corporation instead of a limited liability company (although it did not seek to change the caption or its party name); the Court granted that motion as unopposed, and on March 5, 2013, plaintiff filed its second amended complaint.

## II. **Procedural Posture and Governing Standards**

Advanced filed an answer to the original complaint, while BRK filed a motion to dismiss, as noted above. After plaintiff filed its first amended complaint, Advanced and BRK filed a joint answer (they are represented by the same counsel in this case). On

2

March 4, 2013, when plaintiff filed its unopposed motion for leave to amend again, it stated that it believed that defendants should not be required to file new answers. On March 7, 2013, two days after plaintiff filed its second amended complaint, Advanced and BRK filed their motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), which referenced and attached plaintiff's <u>first</u> amended complaint.

Because Advanced and BRK filed answers to the first amended complaint, plaintiff suggests that the present motions are more properly treated as motions for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), although plaintiff concedes that the same standards would apply under either subsection of Rule 12. Because plaintiff filed a second amended complaint, however, any motions addressed to the first amended complaint are technically moot. Plaintiff's filing also entitled defendants to file new motions under Rule 12(b), even if plaintiff would not have insisted on new answers. Because the arguments by Advanced and BRK apply equally to the second amended complaint, the Court will not deny these motions as moot and require that new motions be filed; rather, in the interest of judicial economy, the Court will treat the motions as if they are addressed to the claims asserted in the second amended complaint.

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of

3

entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III. <u>Advanced's Motion to Dismiss</u>

#### A. *No Preemption by the Carmack Amendment*

Advanced argues that, like the state-law claims against BRK, plaintiff's claim against it for breach of contract is preempted by the Carmack Amendment. As before, plaintiff does not dispute that the Carmack Amendment preempts state-law claims that fall within the scope of the Amendment. *See Underwriters at Lloyds of London v. North American Van Lines*, 890 F.2d 1112 (10th Cir. 1989); *Hoover v. Allied Van Lines, Inc.*, 205 F. Supp. 2d 1232, 1237-38 (D. Kan. 2002). Plaintiff argues, however, that its claim against Advanced, a broker with whom it contracted to arrange for shipment of its machine, falls outside the scope of the Amendment. The Court agrees.

4

Advanced admits in its motion that it is a broker for purposes of the Carmack Amendment. The Amendment provides for liability of a "carrier", *see* 49 U.S.C. § 14706(a), which term is defined to include a motor carrier, a water carrier, and a freight forwarder, *see id.* § 13102(3). A "broker", however, is separately defined to mean a person "other than a motor carrier" who sells or arranges for sale transportation by motor carrier. *See id.* § 13102(2). Thus, on its face, the statute does not encompass claims against a broker, which claims would therefore escape preemption. Indeed, plaintiff has cited numerous cases in which courts have held that the Amendment does not preempt state-law claims against brokers. *See, e.g.*, *Laing v. Cordi*, 2012 WL 2999700, at *2 (M.D. Fla. July 23, 2012); *Continental Cas. v. Quick Enters.*, 2012 WL 2522970, at *2 (D.N.J. June 29, 2012); *Chubb Group of Ins. Cos. v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068-69 (C.D. Cal. 2002); *see also 5K Logistics, Inc. v. Daily Exp., Inc.*, 659 F.3d 331, 338 (4th Cir. 2011) (noting in dicta that claims against brokers are not preempted by the Carmack Amendment).

The only contrary case involving a broker cited by Advanced is *Ameriswiss Technology, LLC v. Midway Line of Ill., Inc.*, 888 F. Supp. 2d 197 (D.N.H. 2012). In that case, the court held that a tort claim against a broker was preempted, based on the reasoning of *York v. Day Transfer Co.*, 525 F. Supp. 2d 289 (D.R.I. 2007). *See Ameriswiss*, 888 F. Supp. 2d at 205. Neither the *Ameriswiss* court nor the *York* court, however, addressed the statutory language that makes the Carmack Amendment applicable only to claims against carriers. *See id.*; *York*, 525 F. Supp. 2d at 297-301.

5

Thus, the Court does not find those cases persuasive, and it instead follows the overwhelming majority of courts that have held that the Amendment does not preempt claims against brokers.

Indeed, in *Ameriswiss*, the court noted various cases in which courts had refused to find claims against brokers preempted by the Amendment, but it distinguished them because those courts had not also addressed express preemption of tort claims under 49 U.S.C. § 14501(c)(1), which expressly applies to brokers. In its reply brief, Advanced argues that plaintiff's claim against it should be deemed preempted by Section 14501 because that claim alleges the breach of a duty and thus sounds like a negligence claim. The Court rejects this argument. First, a party is not entitled to raise new arguments in its reply brief. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)). Second, plaintiff has clearly alleged a claim for breach of contract, and Advanced has not cited any authority supporting the preemption of such a claim under Section 14501.

### B. *Complaint States a Claim for Relief*

Advanced also argues that plaintiff's contract claim fails as a matter of law because Advanced did not warranty the shipment of the machine against damage when it agreed to serve as a broker to find a carrier for plaintiff. Advanced again relies on *Ameriswiss*, in which the court granted summary judgment in favor of a broker on a similar contract claim. *See Ameriswiss*, 888 F. Supp. 2d at 208-09. Advanced notes the

court's aside in a footnote that it was "difficult to see how Ameriswiss's breach-of-warranty claim could have survived a motion to dismiss for failure to state a claim." *See id.* at 209 n.10. Despite such musing by the *Ameriswiss* court, this Court will not dismiss plaintiff's claim for breach of contract. Plaintiff has alleged that it entered into a contract with Advanced for the transportation of the machine; that pursuant to that contract, Advanced obligated itself to facilitate the safe transportation of the machine to Kansas; and that Advanced breached that contractual obligation, as evidenced by the damage sustained to the machine in transit. Those allegations are sufficient to state a claim for breach of contract against Advanced. Plaintiff's allegations must be accepted as true at this stage, and those allegations state a plausible claim for breach. The Court may not consider at this stage whether in fact Advanced undertook such an obligation.[1] Accordingly, the Court rejects this basis for dismissal.

Advanced also argues for dismissal of plaintiff's claim for lost-profit damages allegedly sustained when plaintiff could not use the machine during its repair. Although Advanced concedes, as it must, that Kansas permits claims for consequential damages in the form of lost profits, it argues that plaintiff's claim is too speculative. *See, e.g.*, *Vickers v. Wichita State Univ.*, 213 Kan. 614, 620 (1974). Advanced argues that plaintiff does not have a reasonable likelihood of mustering factual support for this claim because

---

[1]Of course, in filing this action, plaintiff was required to have had a sufficient factual and legal basis to support the claim against Advanced. Advanced is certainly entitled to seek relief as appropriate if plaintiff did not have such basis.

7

it cannot establish that the machine would have been operable during the relevant period and that it would have been operated for the duration estimated by plaintiff in the complaint. The Court certainly cannot make any such pronouncements as a matter of law at this stage, however. Plaintiff has alleged a specific basis for estimating its lost profit damages, and plaintiff is therefore entitled to attempt to support that claim with evidence in the future litigation of the case. The Court also rejects Advanced's argument that the claim is necessarily speculative because it is based on estimates, as the Kansas Supreme Court has made clear that "[a]bsolute certainty in proving loss of future profits is not required." *See id.*

The Court therefore denies Advanced's motion to dismiss in its entirety.

### IV.    **BRK's Motion to Dismiss**

The Court similarly denies BRK's motion to dismiss plaintiff's claim against it for lost profits under the Carmack Amendment. BRK first argues that claims for consequential damages are barred by the Carmack Amendment. Like other courts, however, the Tenth Circuit has held that special and consequential damages may be recovered under the Amendment. *See Reed v. Aaacon Auto Transport, Inc.*, 637 F.2d 1302, 1305-06 (10th Cir. 1981), *overruled on other grounds*, *Underwriters at Lloyds of London v. North Am. Van Lines*, 890 F.2d 1112 (10th Cir. 1989); *see also American Nat'l Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 931 (7th Cir. 2003) (recoverable damages under the Carmack Amendment include "damages for delay, lost

profits (unless they are speculative), and all reasonably foreseeable consequential damages") (citing *Southeastern Express Co. v. Pastime Amusement Co.*, 299 U.S. 28, 29 (1936); *Camar Corp. v. Preston Trucking Co.*, 221 F.3d 271, 277 (1st Cir. 2000); and *Air Prods. & Chems., Inc. v. Illinois Cent. Gulf R.R. Co.*, 721 F.2d 483, 485 (5th Cir. 1983)).

In the face of such authority, BRK argues in its reply brief that plaintiff's claim is too speculative and that such damages were not reasonably foreseeable. Again, however, this argument must await the presentation of evidence at the summary judgment stage, as the Court certainly cannot say at this stage that plaintiff's claim for lost profits is too speculative as a matter of law. Accordingly, there is no basis for the dismissal of plaintiff's claim against BRK.

IT IS THEREFORE ORDERED BY THE COURT THAT the motions to dismiss filed by defendants Advanced Transportation, Inc. (Doc. # 57) and BRK Specialized, Inc. (Doc. # 59) are hereby **denied**.

IT IS SO ORDERED.

Dated this 24th day of April, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge